JIM CATON v. STATE.

No. A-2653.    Opinion Filed October 7, 1916.

(160 Pac. 26.)

1. **APPEAL—Affirmance—Want of Prosecution.** When an appeal is filed in this court and no briefs are filed on behalf of plaintiff·in error and no appearance made for oral argument, a motion interposed by the Attorney General in open court to affirm the judgment of the trial court on the ground that the appeal has not been prosecuted as provided by law, will be sustained.

2. **APPEAL—Briefs—Effect of Failure to File.** The members of this court are not required to brief cases and search the record diligently for defects upon which to base a criticism of the judgment of the trial court. When counsel fail to file briefs as provided by the rules of the court and also fail to appear for oral argument when causes are assigned, this court will examine the record in felony cases for fundamental error only.

*Appeal from the District Court of Murray County.*
*Hon. F. B. Swank, Judge.*

Jim Caton was convicted of assault with intent to kill. Affirmed.

*T. H. Robnett,* and *E. W. Fagan,* for plaintiff in error.
*R. McMillan,* Asst. Atty. Gen., for defendant in error.

ARMSTRONG, J.   Jim Caton was convicted at the August, 1915, term of the district court of Murray county on a charge of assault with intent to kill and his punishment assessed at imprisonment in the state penitentiary for two years.   The appeal was filed in this court on the 26th day of February, 1916.   No briefs have been filed on behalf of the plaintiff in error and no appearance was made for oral argument.

The attorney general, in open court, moved the affirmation of the judgment of the trial court on the ground that the appeal had not been prosecuted as provided by law.

When an appeal is filed in this court and no briefs filed within the time provided by the rules of the court, and no appearance made for oral argument, a motion upon the part of the attorney general to affirm the judgment of the trial court on the ground that the appeal has been abandoned and has not been prosecuted as provided by law, is tenable.

The court is not required to brief cases and search diligently the record to see if they find some flaw upon which to base a criticism of the judgment of the trial court.   If any error has been committed in the trial court, it is the duty of counsel to file briefs pointing out the same and supporting their contention with proper arguments and authorities.   If this is not done, the court will only examine the record for fundamental error and when none appears, the motion of the attorney general to affirm will be sustained.

An examination of this record discloses no fundamental error.   The motion of the attorney general to affirm the judgment of the trial court is, therefore, sustained.

The judgment is affirmed.   Mandate ordered forthwith.

DOYLE, P. J., and BRETT, J., concur.